David S. Douglas (DD-6250)
GALLET DREYER & BERKEY, LLP
845 Third Avenue, 8th Floor
New York, New York 10022
(212) 935-3131
Attorneys for Defendants Blair Ryan Co.,
Jay Pelsinger, and Fred Pelsinger

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
GS EQUITIES, LTD. and EROSTRA, LLC,

                               Plaintiffs,

                                                  08 Civ. 01581 (CM)

      -against-

BLAIR RYAN CO., JAY PELSINGER, FRED
PELSINGER and LEONIDES GUADARRAMA,

                              Defendants.
--------------------------------------------------------------------X


**DEFENDANTS BLAIR RYAN CO., JAY PELSINGER,
AND FRED PELSINGER'S REPLY MEMORANDUM
OF LAW IN FURTHER SUPPORT OF MOTION TO
<u>DISMISS AND TO VACATE ARBITRATION AWARD</u>**


**GALLET DREYER & BERKEY, LLP**
**845 Third Avenue, 8th Floor**
**New York, New York 10022**
**(212) 935-3131**

**Attorneys for Defendants Blair Ryan Co.,**
**Jay Pelsinger, and Fred Pelsinger**

**<u>TABLE OF CONTENTS</u>**

Table of Authorities ................................................................................ ii

Preliminary Statement ............................................................................ 1

ARGUMENT ........................................................................................... 2

      POINT I      PLAINTIFFS' CONCEDE THAT THEIR
                       SOLE REMAINING CLAIMS CANNOT
                       STAND AS A MATTER OF LAW ................................................ 2

      POINT II     PLAINTIFF HAS CONCEDED THAT
                       THERE IS NO PERSONAL JURISDICTION
                       OVER FRED, AND THERE IS LIKEWISE
                       NO PERSONAL JURISDICTION OVER JAY ................................ 3

      POINT III    THE ARBITRATION AWARD SHOULD BE VACATED ............. 4

CONCLUSION ........................................................................................ 8

## TABLE OF AUTHORITIES

Cases

Acito v. IMCERA Group, Inc.,
47 F.3d 47 (2d Cir. 1995) ...........................................................................2

Baran Computer Services, Ltd. v. First Bank of Maury County,
143 A.D.2d 63, 531 N.Y.S.2d 315 (2d Dept. 1988) ...........................................4

Cortez Byrd Chips, Inc. v. Bill Harbert Construction Co.,
529 U.S. 193, 120 S. Ct. 1331 (2000)............................................................5

Environmental Industrial Services Corp. v. Souders,
304 F. Supp. 2d 599 (D. Del. 2004)...............................................................7

Filmline (Cross-Country) Productions, Inc. v. United Artists Corp.,
865 F.2d 513 (2d Cir. 1989) ........................................................................6

Foman v. Davis,
371 U.S. 178, 163 S. Ct. 227 (1962)..............................................................2

Harper v. Delaware Valley Broadcasters, Inc.,
743 F. Supp. 1076 (D. Del. 1990)..................................................................6

Huang v. Sentinel Governmental Securities,
657 F. Supp. 485 (S.D.N.Y. 1987) ..............................................................3-4

Kreutter v. McFadden Oil Corp.,
244 F.3d 104 (2d Cir. 2001) ........................................................................4

Milanese v. Rust-Oleum Corp.,
244 F.3d 104 (2d Cir. 2001) ........................................................................2

National City Golf Finance v. Higher Ground County Club Management Co., LLC
641 F. Supp. 2d 196 (S.D.N.Y. 2009) ...........................................................5

Photo Promotions Associates v. Household International, Inc.,
584 F. Supp. 1238 (S.D.N.Y. 1984) ..............................................................3

Point Productions A.G. v. Sony Music Entertainment, Inc.,
2000 WL 1006236 (S.D.N.Y. 2000)...............................................................6

SNS Bank, N.V. v. Citibank, N.A.,
7 A.D.3d 352, 777 N.Y.S.2d 62 (1st Dept. 2004) .............................................4

Stolt-Nielsen S.A. v. Animalfeeds International Corp.,
559 U.S. __, 130 S. Ct. 1758 (2010).................................................................7

Texas Liquids Partners, LLC v. Wells Fargo Bank, N.A.,
2010 WL 4159483 (S.D.N.Y. 2010).................................................................2

U.S. Bank National Association v. U.S. Timberlands Klamath Falls, LLC,
2004 WL 1699057 (Del. Ch. 2004).................................................................6

Varley v. Tarrytown Associates, Inc,
477 F.2d 208 (2d Cir. 1973)..........................................................................5

Statutes and Rules

9 U.S.C. § 1.................................................................................................5

28 U.S.C. § 1391..........................................................................................5

Secondary Sources

Moore's Federal Practice 3d
Section 15.15[3].............................................................................................2

David S. Douglas (DD-6250)
GALLET DREYER & BERKEY, LLP
845 Third Avenue, 8th Floor
New York, New York 10022
(212) 935-3131
Attorneys for Defendants Blair Ryan Co.,
Jay Pelsinger, and Fred Pelsinger

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

GS EQUITIES, LTD. and EROSTRA, LLC,

                           Plaintiffs,

    -against-

BLAIR RYAN CO., JAY PELSINGER, FRED
PELSINGER and LEONIDES GUADARRAMA,

                           Defendants.

08 Civ. 01581 (CM)

-------------------------------------------------------------------X

**DEFENDANTS BLAIR RYAN CO., JAY PELSINGER,
AND FRED PELSINGER'S REPLY MEMORANDUM
OF LAW IN FURTHER SUPPORT OF MOTION TO
<u>DISMISS AND TO VACATE ARBITRATION AWARD</u>**

<u>Preliminary Statement</u>

       The brief that plaintiffs have submitted in response to defendants' moving papers essentially <u>admits</u> that neither the Complaint nor the Proposed Amended Complaint is legally sustainable. Furthermore, plaintiffs' effort to defend the equally legally unsustainable Arbitration Award distorts both the governing law and the factual record. Accordingly, the Court should grant defendants' motion, dismiss this action, and vacate the Arbitration Award.

## ARGUMENT

### POINT I

### PLAINTIFFS CONCEDE THAT THEIR SOLE REMAINING CLAIMS CANNOT STAND AS A MATTER OF LAW

In defendants' moving papers, we demonstrated the myriad reasons why plaintiffs' sole remaining claims -- i.e., their "fraud" and "RICO" claims -- are not viable as a matter of law.  (Def. Br. at 7-14).  In response, plaintiffs do not even attempt to address any of the legally fatal failings of those claims as pled in either the Complaint or the Proposed Amended Complaint.

Rather, plaintiffs devote a bare three sentences to such claims (Pl. Opp. Br. at 6), and even there try only to convince the Court to grant them leave to amend the Complaint so as to replead those claims.  The Proposed Amended Complaint, as we showed in our moving papers, merely echoes the inadequate allegations in the Complaint and fails to rectify any of the legal insufficiencies of the Complaint.  The proposed amendment is therefore futile and should be denied.  See, e.g., Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001); Acito v. Imcera Group, Inc., 47 F.3d 47, 55 (2d Cir. 1995); Texas Liquids Partners, LLC v. Wells Fargo Bank, N.A., 2010 WL 4159483 (S.D.N.Y. 2010); see also Moore's Federal Practice 3d, Section 15.15[3] at 15-48.

POINT II

PLAINTIFF HAS CONCEDED THAT THERE IS NO
PERSONAL JURISDICTION OVER FRED, AND THERE IS
LIKEWISE NO PERSONAL JURISDICTION OVER JAY

Even if plaintiffs' sole remaining claims were sustainable -- which they are not -- plaintiffs have in any event failed to meet their burden of showing that there is personal jurisdiction over either Jay or Fred in New York.  Indeed, plaintiff has conceded that there is no jurisdiction over Fred.  (Pl. Opp. Br. at 5).

As to Jay, it appears to be plaintiffs' contention that any individual who happened to be "born and raised in this state" (id.) somehow magically remains forever subject to jurisdiction in New York.  Not surprisingly, plaintiffs fail to cite to any legal support for such a far-fetched proposition.  In any event, it remains undisputed on the record that Jay has no current connection whatsoever to New York.  Jay is a citizen and resident of Florida, does not own or operate any businesses located in New York, does not own, use, or lease any property in New York, does not maintain a bank account, mail drop, or phone number in New York, does not file tax returns in New York, and signed the Contracts solely in his capacity as an officer of Blair Ryan, while in Florida, where Blair Ryan's only office is located.  (Douglas Aff't, Exhibit 2, Jay Pelsinger Aff't ¶¶ 6-9).

Plaintiffs would have the Court accept that the mere fact that Jay is a shareholder of Blair Ryan subjects Jay to jurisdiction in New York.  As shown in our opening papers, this simply is not the law.  (Def. Br. at 14-20).  See, e.g., Photo Promotions Associates v. Household International, Inc., 584 F. Supp. 1238 (S.D.N.Y. 1984) (no jurisdiction over individual who had visited New York in connection with transactions in corporate capacity, not personal capacity); Huang v. Sentinel Governmental Securities, 657 F.

Supp. 485 (S.D.N.Y. 1987) (dismissing fraud claims for lack of personal jurisdiction);

SNS Bank, N.V. v. Citibank, N.A., 7 A.D.3d 352, 777 N.Y.S.2d 62 (1st Dept. 2004) (fact

that foreign corporation submitted to jurisdiction does not mean that its directors are

subject to jurisdiction); Baran Computer Services, Ltd. v. First Bank of Maury County,

143 A.D.2d 63, 531 N.Y.S.2d 315 (2d Dept. 1988) (non-domiciliary's status as officer of

corporation does not render him personally subject to jurisdiction).

Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 522 N.E.2d 40, 527 N.Y.S.2d

195 (1988), is inapposite.   In Kreutter, the individual corporate employee actually

conducted the transactions at issue in New York.   Here, plaintiff has nowhere even

alleged, either in the Complaint or the Proposed Amended Complaint, that Jay undertook

any wrongful acts in New York, nor is there any actual evidence in the record before this

Court that Jay ever did so.[1]

Thus, even if plaintiffs' remaining claims were to survive, the action would still

need to be dismissed as against Jay and Fred for lack of personal jurisdiction.


POINT III

THE ARBITRATION AWARD SHOULD BE VACATED

As shown in our moving papers, the arbitrators exceeded their powers by

consciously choosing to ignore the mandatory contractual, legally binding precondition

of notice and an opportunity to cure placed upon the commencement of any arbitration

proceeding with respect to the Contracts.   In attempting to evade the vacating of the

---

[1]   All that plaintiff relies upon in this respect is an unsupported, inadmissible
assertion by plaintiffs' counsel in plaintiffs' brief that Jay met with representatives of
plaintiff GS Equities in his corporate capacity on some unspecified occasions after the
Contracts were already in effect.

Arbitration Award, plaintiffs have distorted not only the governing law but also the factual record.

First of all, it is the FAA, not the Delaware Uniform Arbitration Act ("DUAA"), that governs defendants' motion to vacate the Arbitration Award.  This case indisputably involves interstate commerce and is between parties of diverse citizenship, and thus falls within the ambit of the FAA.  9 U.S.C. § 1; Varley v. Tarrytown Associates, Inc., 477 F.2d 208 (2d Cir. 1973); National City Golf Finance v. Higher Ground County Club Management Co., LLC, 641 F. Supp. 2d 196 (S.D.N.Y. 2009).  In any event, as plaintiffs concede (Pl. Br. at 1), the pertinent sections of the FAA and the DUAA are identical, thus making this a non-issue.

Second, plaintiffs' attempt to call into question the propriety of this Court as the venue for determining whether the Arbitration Award should be vacated is entirely specious.  The United States Supreme Court has expressly held that the venue provisions of the FAA are permissive, permitting a motion to confirm, vacate, or modify an arbitration award not only in the District where the award was made (in this case, the Eastern District of Pennsylvania), but in any District proper under 28 U.S.C. § 1391, the general venue statute.  Cortez Byrd Chips, Inc. v. Bill Harbert Construction Co., 529 U.S. 193, 120 S. Ct. 1331 (2000).  Here, the Southern District of New York is manifestly proper under the general venue statute's provision governing diversity actions, 28 U.S.C. § 1391(a).

Moreover, plaintiffs themselves chose this Court as the venue.  It is plaintiffs who commenced this action in this Court.  Plaintiffs' Complaint and Proposed Amended Complaint each assert that this Court is an appropriate venue under the general venue

statute. (Douglas Aff't, Exhibit 1, Complaint ¶ 7; Exhibit 7, Proposed Amended Complaint ¶ 7). Plaintiffs' own motion seeking confirmation of the Arbitration Award likewise is before this Court.

Third, plaintiffs' efforts to distinguish the various cases set forth in our moving brief fail to convince. For instance, in Harper v. Delaware Valley Broadcasters, Inc., 743 F. Supp. 1076, 1083-84 (D. Del. 1990) -- a decision affirmed by the Third Circuit, Harper v. Delaware Valley Broadcasters, Inc., 932 F.2d 959 (3d Cir. 1991) -- the court held that, under Delaware law, a party that fails to adhere to a contractual provision requiring notice of purported breach and an opportunity to cure is barred from claiming that the other party failed to perform adequately under the contract. That is precisely the situation here.

Similarly, the court in U.S. Bank National Association v. U.S. Timberlands Klamath Falls, L.L.C., 2004 WL 1699057 *3 (Del. Ch. 2004), expressly held:

> Very simply, "the filing of [the complaint] does not afford the receiving party the opportunity to cure its defaults in a non-litigious manner. The relevant remedy provisions clearly evidence an intent that litigation be pursued only after notice and an opportunity to cure. It follows that the [plaintiff] did not have authority to bring these claims when it did. Therefore, the court will grant the defendants' motion to dismiss. . . .

Filmline (Cross-Country) Productions, Inc. v. United Artists Corp., 865 F.2d 513 (2d Cir. 1989) -- which held that the failure to give a contractually-secured opportunity to cure constituted a fatal defect -- and Point Productions A.G. v. Sony Music Entertainment, Inc., 2000 WL 1006236 (S.D.N.Y. 2000) -- which likewise held that a party asserting non-performance must afford the allegedly defaulting party its contractually-secured opportunity to cure -- are to the same effect. That the specific

clauses at issue in those cases, much like the ones in the instant Contracts, note that the contract may not be terminated about such notice and an opportunity to cure is of no moment:  The commencement of legal proceedings is commensurate with and analogous to termination.

Plaintiffs' reference to certain exhibits introduced during the arbitration hearing is misguided.  As an initial matter, and tellingly, plaintiffs have placed none of those exhibits before the Court on either this motion or on plaintiff's own motion seeking confirmation of the Arbitration Award.  Furthermore, as plaintiffs' own description of the exhibits reveals, all but one of those exhibits is a communication from defendant Blair Ryan to plaintiff GS Equities (and at least one of them dates from after litigation was already commenced).  The sole remaining exhibit simply annexed laboratory results.  Thus, none of those communications could by any stretch of the imagination somehow be deemed the contractually -- thus legally -- required written notice from GS Equities to Blair Ryan of claimed breach.

In sum, in issuing an award in favor of GS Equities notwithstanding the absence of any actual written notice of claimed breach and an opportunity to cure, which absence and its legal consequences had been repeatedly brought to the arbitration panel's attention, the panel exceeded its powers.  The Arbitration Award must therefore be vacated.  E.g., Stolt-Nielsen S.A. v. Animalfeeds International Corp., 559 U.S. __, 130 S. Ct. 1758, 1768-69 (2010); Environmental Industrial Services Corp. v. Souders, 304 F. Supp. 2d 599 (D. Del. 2004).

CONCLUSION

For the reasons set forth above, and in defendants' moving papers, the Court should dismiss this action in its entirety as against Blair Ryan, Jay Pelsinger, and Fred Pelsinger; vacate the Arbitration Award; and grant such other and further relief as the Court may deem appropriate.

Dated: New York, New York
       November 15, 2010

GALLET DREYER & BERKEY, LLP

By: _____
     David S. Douglas (DD-6250)

845 Third Avenue, 8th Floor
New York, New York 10022
(212) 935-3131

Attorneys for Defendants Blair Ryan Co.,
Jay Pelsinger, and Fred Pelsinger

00281567.DOC